**Rabb RA CHAKA, Plaintiff,**

v.

**C. E. NASH, Lieutenant, R. Hall, Lieutenant, J. Schomig, Lieutenant, W. Kerfin, Lieutenant, and Unknown Adjustment Committee Members, Defendants.**

No. 81 C 1203.

United States District Court,
N. D. Illinois, E. D.

April 7, 1982.

Rabb Ra Chaka a/k/a Robert Perry, pro se.

Tyrone C. Fahner, Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 against certain officials at Stateville Correctional Center in Joliet, Illinois. Plaintiff Rabb Ra Chaka, an inmate at Stateville, claims that disciplinary actions taken by the defendant officials violated prison regulations, deprived him of his constitutional right to due proc-ess, and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks both declaratory and monetary relief. Jurisdiction is based on 28 U.S.C. § 1343. The cause is now before the court on defendants' motion to dismiss, and for the purposes of this motion the alleged facts are taken as true.

Plaintiff is employed as an Administrative Legal Assistant by the Burr Oak Library at Stateville. On February 13, 1981, while he was working in the library, residents from one of the prison units were brought there by two of the defendants, Lieutenants C. E. Nash and R. Hall. Several residents requested typewriters which the library provides for use by the general prison population. On this particular day, however, there were not enough typewriters to go around, and Lt. Nash told plaintiff to give the typewriter he had been using to one of the residents. Plaintiff refused and was cited by Nash for violation of four disciplinary rules. Plaintiff was then escorted back to his cell block by Nash and Hall who reported plaintiff's conduct to Lieutenant Schomig. Schomig, who was not the shift supervisor, approved and signed a disciplinary report charging plaintiff with violation of the prison's disciplinary rules and then gave a copy to plaintiff.

After Schomig approved the disciplinary report, plaintiff was placed in a segregation unit pending a hearing by the prison Adjustment Committee on the charges against him. Plaintiff alleges that the cell he was held in was small, unsanitary and rodent-infested, and that he was forced to sleep on a mattress on the floor. Plaintiff remained in the segregation unit for three days. On February 16, 1981 plaintiff appeared before defendant Lieutenant Kerfin and the Adjustment Committee. The Committee read the charges against plaintiff and two statements submitted to them by plaintiff's supervisor at the library. Plaintiff was given the opportunity to tell his side of the story but was not allowed to call witnesses on his own behalf. The committee found plaintiff guilty of the rule violations charged and sentenced him to 15 days in segregation.

On February 27, 1981 plaintiff filed this suit alleging several violations of his constitutional rights arising out of the events he describes. His action is based on four claims. First, that in refusing to give Nash the typewriter he was following library policy which required that he keep the typewriter to complete his assigned tasks. Plaintiff alleges that because he was acting pursuant to instructions from his work supervisor, he was excused from compliance with the prison conduct rules. Thus, his placement in segregation based on a violation of these rules was unconstitutional because he was being punished when he had done nothing wrong. Second, plaintiff contends that Lt. Schomig, in signing the report and authorizing plaintiff's confinement, violated Administrative Regulations 804(C)(1) and (2) which require that a disciplinary report be signed by a shift supervisor and that the supervisor determine whether an inmate should be confined pending a hearing. Plaintiff contends that the lieutenant's violation of these rules deprived him of his constitutional rights. Third, plaintiff claims that the Adjustment Committee's refusal to call the witnesses that he requested violated his Fourteenth Amendment right to due process. Finally, plaintiff alleges that the conditions of his confinement in segregation pending his hearing were so bad as to constitute cruel and unusual punishment.

In support of their motion, defendants argue that plaintiff has failed to state a claim on which relief may be granted because none of defendants' actions which plaintiff complains of, are constitutional violations. Defendants maintain that the fact that plaintiff was following library policy did not relieve him of his obligation to comply with the general disciplinary regulations of the prison. They insist that even if Lt. Nash's order was in violation of library policy, the plaintiff was required to follow it. Defendants further argue that because plaintiff was obliged to obey Lt. Nash's order regardless of the library policy, any testimony at the Adjustment Committee hearing as to the specifics of the library policy, was irrelevant to the question of whether plaintiff had violated prison rules. Because Subparagraphs (G), (8) and (9) of Administrative Regulation 804 give the Committee the discretion to exclude witnesses whose testimony would be irrelevant, it had the authority and the right to exclude the witnesses that the plaintiff requested. Finally, the defendants contend that the conditions of confinement complained of by the plaintiff are not of such a nature and quality as to violate the Eighth Amendment prohibition against cruel and unusual punishment.

For the following reasons, the court agrees with defendants that plaintiff's allegations do not state a claim for relief; therefore, the motion to dismiss is granted.

## I

### Due Process Claims

Plaintiff complains of a deprivation of both his substantive and his procedural due process rights. As to his substantive rights, plaintiff contends that he was wrongfully punished for actions which did not constitute rule violations because, in taking those actions, he was following instructions from his job supervisor. Plaintiff's constitutional claim seems to be based on the fact that, in disciplining plaintiff the defendant prison officials gave priority to plaintiff's obligations under the prison rules rather than his obligations under the library rules. Therefore, the question is whether the defendants' prioritizing of the plaintiff's duties in this manner constitutionally improper.

■ This court can find nothing in defendants' action which conflicts with the Constitution or wrongfully infringes plaintiff's protected rights. Plaintiff has no constitutional right to one set of behavior guidelines over another. There are no allegations in the complaint that the defendants' choice was arbitrary or capricious or that plaintiff was being treated differently from other inmates. The fact that plaintiff may have been put in a difficult position by being forced to choose between the rules of his job and those of the prison may justify lenient treatment in his case; however, de-

fendants' failure to completely excuse plaintiff's conduct because of this conflict does not reach the level of a constitutional violation.

■ The decision concerning whether to discipline a prisoner, which plaintiff is challenging in this suit, is a decision relating to the internal security and control of the prison. The Supreme Court has admonished federal courts to avoid interfering with this area of administrative concern.

> Prison administrators...should be accorded wide ranging deference in the adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979); *see Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974). The rule in the decided cases makes it clear that "federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Constitution." *Layton v. Wolff*, 516 F.Supp. 629, 637 (D.Nev.1981). In light of the approach taught by a number of Supreme Court decisions, this court will not interfere with the exercise of internal, administrative discretion and will not disturb the defendants' decision to discipline plaintiff.

■ Plaintiff also claims that Lt. Schomig's violation of Administrative Regulations 804(C)(1) and (2) violated his substantive due process rights. However, plaintiff does not allege that the lieutenant acted arbitrarily or capriciously; he contends only that the lieutenant acted contrary to the regulations. Schomig's actions, while wrong, were not constitutionally improper, and do not provide a basis for a claim under Section 1983. *Layton*, 516 F.Supp. at 634; *see Procunier*, 416 U.S. at 418–422, 94 S.Ct. at 1814–1815.

■ As to his procedural rights, plaintiff's claim is based on Administrative Regulation 804(G)(7) which allows him to request that certain witnesses be heard. According to plaintiff, because he has the right under the regulations to call witnesses and he was not allowed to do so at his hearing, he was denied due process. Plaintiff is correct in his premise that rights created by statute or, as here, by regulations authorized by statute, are protected by Fourteenth Amendment due process. *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975–2976, 41 L.Ed.2d 935 (1974). However, plaintiff's right under the regulations is to *request* witnesses, it is not an absolute right to have them be heard. Administrative Regulation 804(G)(9) allows the Adjustment Committee to exclude any witnesses requested by a prisoner if their testimony "would be irrelevant, cumulative, jeopardize the safety of the institution, or disrupt the security of the facility." Here, the witnesses that plaintiff intended to call were to corroborate the fact that plaintiff had been acting in accord with library policy. The issue before the Committee, in their view, was whether plaintiff had violated the disciplinary rules, not his reasons for his actions. There was a rational basis for the Committee's belief that the witnesses were irrelevant and its exclusion of their testimony. The Committee's application of 804(G)(9) was not arbitrary or capricious; and this court has no ground for invalidating the Committee's actions. *Layton*, 516 F.Supp. at 634; *see Procunier*, 416 U.S. at 418–422, 94 S.Ct. at 1814–1815.

It should be noted that the procedures for disciplinary hearings set out in the Administrative Regulations and provided to the plaintiff by the Adjustment Committee, are in compliance with the minimum procedural requirements for such hearings set out by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Thus, the procedural safeguards afforded plaintiff in his disciplinary hearings were constitutionally adequate.

## II

### The Eighth Amendment Claim

■ Plaintiff alleges that his Eighth Amendment Rights were violated in that he was subjected to cruel and unusual punish-

ment during the three day confinement pending his hearing. As the Seventh Circuit has held,

> In order to establish a violation of the Eighth Amendment plaintiffs must either show that the actions of the defendant intentionally inflicted excessive or grossly severe conditions upon them or that conditions so as to shock the general conscience were knowingly maintained.

*LaBatt v. Twomey*, 513 F.2d 641, 648 (7th Cir. 1975); *Bono v. Saxbe*, 620 F.2d 609, 613 (7th Cir. 1980). The conditions to which plaintiff objects, while possibly unpleasant and uncomfortable, were not such as to shock the conscience. They simply do not rise to the standard set by the courts, and therefore, do not constitute cruel and unusual punishment.

In conclusion, the court would like to note the following. In this action, plaintiff Rabb Ra Chaka is, in essence, complaining about the interpretation and application of the Administrative Regulations by certain prison officials. Plaintiff's objections are not of constitutional significance, and are in fact within the area of administrative discretion with which this court has no right to interfere. Plaintiff, however, is not without a remedy. The Illinois Department of Corrections has established a grievance procedure, (Administrative Regulation 845), for inmates who have complaints with regard to the internal workings of the prison. It is within this administrative mechanism, not the court's, that plaintiff's complaints can and should be heard.[1]

Because the court finds that the plaintiff has not stated a cause of action, there is no need to discuss the question of immunity raised by the parties in their briefs. Therefore, the court grants defendants' motion to dismiss.

So ordered.

---

1. Plaintiff was not required to exhaust his state remedies before proceeding under 42 U.S.C. § 1983; and the court does not mean to imply otherwise by pointing out this alternative remedy.